# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

JACQUELINE LENORLIA TAYLOR,

 **Plaintiff,**

v.                    Civil Action No. 3:16cv171

CVS, INC./CAREMARK,

 **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on remand from the United States Court of Appeals for the Fourth Circuit. On October 30, 2017, the Court issued a Memorandum Order, (ECF No. 12), granting Defendant CVS, Inc./Caremark's ("CVS") Motion to Dismiss[1] filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (ECF No. 7.) On November 6, 2017, Plaintiff Jacqueline Lenorlia Taylor filed a Notice of Appeal. (ECF No. 13.) While her appeal was pending, Taylor filed additional documents in this Court asking this Court to reconsider its

---

[1] CVS provided Taylor with appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

[2] Federal Rule of Civil Procedure 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those stating a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

decision and opposing the (already granted) Motion to Dismiss. (ECF Nos. 15, 16.) CVS opposed the consideration of these filings because of the pending appeal. (ECF No. 17.) On April 27, 2018, the Fourth Circuit dismissed Taylor's appeal for lack of jurisdiction and, noting Taylor's claim that she did not receive CVS's Motion to Dismiss, remanded the case to this Court for further proceedings. (ECF No. 18.) On June 1, 2018, the Court received a letter from Taylor requesting a resolution in this case. (ECF No. 21.)

Accordingly, the Court will vacate its October 30, 2017 Memorandum Order to consider the assertions set forth in Taylor's Memorandum in Support of Her Opposition to the Motion to Dismiss.[3] (The "Memorandum," ECF No. 16.) Construing her allegations liberally[4] in tandem with the assertions raised in her Memorandum, Taylor's Complaint nonetheless fails to state a claim upon which relief can be granted. The Court summarizes its reasoning below.

First, Taylor's claim under Title VI of the Civil Rights Act of 1964 fails because it is time-barred. A plaintiff must bring a Title VI claim within two years of the action accruing.[5]

---

[3] The Memorandum requests "relief from their final judgment and order of dismissal under Rule 60." (Memorandum 1.) Although a Federal Rule of Civil Procedure 60 Motion for Relief from Judgment is not properly before the Court, the Court will vacate its October 30, 2017 Order and now consider additional assertions set forth in the Memorandum.

[4] District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). A *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Id.* The Court cannot act as a *pro se* litigant's "advocate and develop, sua sponte, statutory and constitutional claims that the [litigant] failed to clearly raise on the face of [the] complaint." *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

[5] Title VI itself provides no specific statute of limitation. The Fourth Circuit has held that "the state personal injury limitations period [applies] to Title VI claims." *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999); *see also Guerrero v. Weeks*, No. 1:13CV837, 2013 WL 5234248, at *3 (E.D. Va. Sept. 16, 2013). In Virginia, personal injury actions must be brought "within two years after the cause of action accrues." Va. Code § 8.01-243(A). Accordingly, the statute of limitations for Taylor's Title VI claim is two years.

2

The incidents Taylor alleges in her Complaint, and any potential accrual, occurred in January 2012. She filed this action in February 2017, more than five years later. The statute of limitations bars Taylor's Title VI claim. Taylor does not plausibly allege otherwise in her Complaint or Memorandum.[6]

Second, Taylor's claim under Title II of the Civil Rights Act of 1964[7] founders because Title II does not cover CVS, a retail store.[8] *See Newman v. Piggie Park Enterprises, Inc.*, 377 F.2d 433, 436 (4th Cir. 1967) (noting that "[r]etail stores, food markets, and the like were excluded from the Act"). Although Taylor asserts that CVS falls within the scope of Title II, she

---

[6] Taylor asserts that her first complaint was filed in Chesterfield County Circuit Court on November 25, 2015, but even were the Court to utilize that filing date, her Title VI claim would fall beyond the two year limitation period. Also, Taylor's argument that her claims somehow invoke a constitutional statute of limitations lack merit.

[7] Title II's scope is limited to "any place of public accommodation," which is defined as:

(1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other than an establishment located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor of such establishment as his residence;

(2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally engaged in selling food for consumption on the premises, including, but not limited to, any such facility located on the premises of any retail establishment; or any gasoline station;

(3) any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment; and

(4) any establishment (A)(i) which is physically located within the premises of any establishment otherwise covered by this subsection, or (ii) within the premises of which is physically located any such covered establishment, and (B) which holds itself out as serving patrons of such covered establishment.

42 U.S.C. § 2000a.

[8] In the Memorandum, Taylor asserts that CVS is covered by Title II because the store at issue is contained within a Target. However, Target also is a retail store not covered by Title II. *See Newman*, 377 F.2d at 436.

wrongly interprets Title II and does not—because she cannot—cite to any case supporting her position.

Third, to the extent Taylor seeks to bring a claim under the Virginia Human Rights Act (the "VHRA"),[9] that attempt would fail because the VHRA does not provide a cause of action for the type of harm Taylor alleges. The VHRA creates just two private causes of actions and those apply only to discrimination against employees of certain employers.[10] Taylor asserts in her Memorandum that she "provided [the] VHRA Act [sic] only as a source of local and State Reference to support Federal Laws and did not intend the act to be utilized as a cause of action to support a remedy for type of harm suffered/suffers [sic] by Plaintiff." (Memorandum 9.) As such, Taylor brings no VHRA claim. Even if she did attempt to state a VHRA claim, it would founder. Taylor has not alleged in her Complaint, even under a liberal construction, that she was an employee of CVS, so no violation of the VHRA could exist.[11] And in contrast to her assertion otherwise, Taylor's citation to the VHRA does not bolster any federal claim she attempts to bring to this Court.

---

[9] The VHRA, *inter alia*, protects individuals in the Commonwealth of Virginia from "unlawful discrimination because of race, color, religion, national origin, [and] sex . . . in employment." Va. Code § 2.2-3900.

[10] "Nothing in [the VHRA] creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions, except as specifically provided in subsections B and C." Va. Code § 2.2-3903(A). The Act limits subsection B and C to prohibitions of certain types of discrimination by certain types of employers and does not reach discrimination against customers of retail stores. *Id.* § 2.2-3903(B)–(C).

[11] The Court notes that Taylor unsuccessfully brought a VHRA claim in a suit she filed in 2016 against a supermarket. The court dismissed Taylor's claim for the same reasons this Court would have to dismiss any VHRA claim Taylor might have sought to bring here. *See Taylor v. Ahold*, No. 3:16CV241, 2017 WL 377935, at *3 (E.D. Va. Jan. 23, 2017), *aff'd sub nom. Taylor v. Royal Ahold NV*, 694 F. App'x 931 (4th Cir. 2017) (finding that because Taylor did not allege that "she is, has ever been, or has ever even applied to be, an employee of the Defendant," she failed to state a claim).

Fourth, any possible claim brought under the Rhode Island Constitution could not proceed. The record is bereft of any factual allegations tying any event, person, or entity to Rhode Island. The Court sees no basis for Taylor to plausibly allege harm under the Rhode Island Constitution for events Taylor says happened in Midlothian, Virginia. Indeed, Taylor concedes she referred to the Rhode Island Constitution "only to show how actions of Defendant diminished their [sic] credibility by violating laws and ordinances governing the state in which their [sic] corporate headquarters is incorporated and senior officials are employed." (Memorandum 9.) Even if Taylor purported to bring a claim under the Rhode Island Constitution, and even viewing her claims most liberally, this Court could not find that she plausibly raises such a claim. Her argument that these allegations strengthen an otherwise viable federal claim also do not persuade.

Fifth, any claim alleging that CVS breached its Code of Ethics would falter because Taylor identifies no recognized cause of action under federal or state law to bring this claim.[12] Again, Taylor concedes in her Memorandum that she included this for "emphasis." (Memorandum 10.) But this "emphasis" does not render any federal or other claim viable as Taylor suggests it would.

Finally, Taylor's retaliation claim fails because she identifies no basis for that cause of action. Even a liberal construction of Taylor's "Code of Ethics" or "Retaliation" claims does not

---

[12] This is not the first time Taylor has raised a "Code of Ethics violation" claim. She unsuccessfully alleged an identical claim in two other cases before two different judges in this Division. In both of those cases her claims were dismissed, as here, for lacking a basis in federal or state law. *See Taylor v. Ahold*, 2017 WL 377935, at *3 (finding "[n]either federal law nor the Commonwealth of Virginia recognizes an independent cause of action" for a violation of a company's internal Code of Ethics); *Taylor v. Ahold, USA/Martin's Food & Pharmacy*, No. 3:16-CV-248, 2016 WL 1752763, at *2 (E.D. Va. May 2, 2016) (holding "neither Virginia law nor federal law has a standalone provision to sue a private party for a violation of its own code of ethics").

5

establish a plausible basis for relief.[13] Taylor's assertion that CVS's "discriminatory actions are in violation of the First Amendment, and 42 U.S.C. 1981-83" similarly fails to establish a plausible basis for relief because it amounts to a conclusory statement not supported by factual allegations.[14] (Memorandum 11.)

Accordingly, the Court will vacate its October 30, 2017 Memorandum Order and grant the Motion to Dismiss. Given Taylor's *pro se* status, the Court will dismiss the Complaint without prejudice. An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 7/10/18
Richmond, Virginia

---

[13] Taylor also raised a similar "Retaliation" claim in one of her 2016 suits. The court dismissed her claim. *See Taylor v. Ahold*, 2017 WL 377935, at *3.

[14] CVS is a private entity and not a state actor. Accordingly, Taylor's allegation that CVS violated the First Amendment lacks merit. *See Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 462 (1952).

6